Good morning. Welcome to everyone. The call of the docket today, Thursday, November 15, 2012. Our next first case on the docket today is agenda number 10, case number 114054, People v. Michael L. Somers. Counsel for the appellant, please proceed. Thank you. May it please the Court, Counsel. My name is Alan Andrews. I'm from the Office of the State Appellate Defender, and I represent Mr. Somers. The issue in this case is whether Section 113-3.1a, which deals with appointed counsel reimbursement fees, precludes remanding a case for a hearing on the defendant's ability to pay for an appointed counsel fee where more than 90 days has elapsed since the final order was entered in the trial court. Section 113-3.1a states that a hearing to impose a fee for court-appointed counsel shall be conducted on the Court's own motion or on the motion of the State's attorney at any time after the appointment of counsel, but no later than 90 days after the entry of a final order disposing of the case at the trial level. The defense position in this case is that this statute means what it says. There can be no hearing of any type more than 90 days after the entry of the final order in the trial court. It's clear and unambiguous. There's no need to resort to any aids of construction to understand what this statute means. There's no reason to invent policy issues to try and divine the intent of the legislature. The statute plainly spells out the legislature's intent, no hearing more than 90 days after the entry of the final order in the trial court. There are two main issues that have really been raised in this case. The first is whether or not this statute is mandatory or directory, that is whether or not there's a consequence for failing to comply with the 90-day limit. The second issue is does the State's argument that there's some sort of implicit exception to the 90-day rule for cases on remand, does that argument hold any water? To address whether or not the statute is mandatory or directory, you know, the preliminary issue in that is whether it's mandatory or permissive, but it's not been claimed that this statute is permissive. It's obviously mandatory in the sense that the trial court is supposed to comply with it. So then you move on to the decisive issue in this case, and that's whether the statute is mandatory or directory. Now, I would concede that Section 113-3.1a is presumed to be directory because it sets forth a procedural command and also because it does not specify a consequence for failing to comply with the procedural command. This Court has articulated two instances where the presumption that such a statute is directory can be overcome. Only one of those applies in this case, and that's the exception where a statute is mandatory if its provisions are designed to secure order, system, and dispatch, and the statute contains negative language importing that it shall be followed and that the act shall not be done in any other manner or time. Now, in this statute it plainly says that the hearing can be held at any time after the appointment of counsel, but no later than 90 days after the entry of a final order or judgment in the trial court. Those are the negative words. They import that the procedure cannot be held at any other time. Therefore, the presumption that this statute is directory has been overcome. The statute plainly is mandatory, and therefore the consequence for not following the deadline in this case means that you cannot have a hearing. Counsel, if the 90-day limit is absolute bar, can the defendant simply delay the proceedings by an appellate court process to avoid the assessment of the fee entirely? Well, you know, the statute already puts the burden on the trial court or the state to raise this issue, and typically it's raised at a sentencing hearing. I mean, I can't really imagine that as long as the state or the court is on its toes, it can, you know, have this fee imposed. There's no way the defendant can do anything in the trial court to prevent them from holding this hearing. So I don't think, you know, the idea that this appeal is going to go on really matters. And the second thing is, and I don't know much about civil law. I've been an appellate defender ever since I graduated. But, you know, the case the state cited saying that the appellate court lost jurisdiction when the notice of appeal was filed, you know, if you read beyond the sentence cited by the state, it states that in civil cases, the trial court can still entertain fee, attorney fee petitions. And, again, I don't know much about civil law, but I don't see why if in a civil case, a court retains jurisdiction over requests for attorney fees, why it could not retain jurisdiction after the notice of appeal was filed here up to the 90-day limit. And that seems to me to especially make sense when the legislature seems to contemplate that this fee could be imposed after the notice of appeal is filed. So I guess my short answer is I just can't imagine how a defendant is going to be able to prevent the state from, you know, having this fee imposed if the state wants the fee to be imposed. Counsel, to play off of Justice Burke's question, if the court has a hearing but it's not an adequate hearing and it goes up on appeal and it's reversed and remanded for, could it be remanded for a hearing? Or is your position that any hearing after 90 days is prohibited? My position is that any hearing after 90 days is prohibited. So any case that goes up on appeal, if the appellate court says the hearing was inadequate or I guess not held, it would be a different situation. But they can't go back and remedy that. It cannot be remanded. I mean, realistically, the remand would not occur within the 90-day limit. If somehow that happened, it could be remanded. But it cannot be remanded if it's after 90 days, after the 90-day limit. Now, the statute is unambiguous. This exception that the state is talking about where you should be able to remand it, it doesn't exist. It's not in the statute. It states plainly that it has to be held within 90 days. You know, when a statute is clear and unambiguous, you don't read implicit exceptions into it. You know, furthermore, the mandatory nature of the statute shows that there is no exception. Because the statute is mandatory, the consequence for failing to comply with the time limit is to not be able to have the hearing. Counselor, your interpretation then would say that because the no later then is an absolute bar. If it just said within, that would be something different? It's presumed to be directory, so it needs to have the negative language to overcome the presumption that it's directory. Within is not negative, then. But no later is. Well, what's interesting about the statute to me is it says that this hearing can be held at any time after the appointment of counsel. It's not after the final order. It can be held at any time. But then it puts an end gate on it. So the wording maybe has to be a little different. It has to say no later than rather than within 90 days of final order. It does say, as I recall, but no later than 90 days. Right. But the hearing could be before the final judgment. Oh, yes. The hearing can be any time but no later than 90 days. And that, of course, the remand is going to be later than the 90 days. And that's what this dispute is about. And it's my position that the language stating but no later than 90 days after the final order precludes the remand. I mean, the trial court has or the state's attorney has all sorts of time to request and have this fee imposed. But, you know, because the statute is mandatory, if you read this exception in that the state wants it, you can remand it. That completely negates finding that the statute is mandatory because then there is no consequence for not following the for complying with the 90-day limit. Counsel, did we deal with this question recently in People v. Gutierrez? Yes, you did. Did we answer the question or did we? It was different because in Gutierrez there was no hearing held. It was imposed by the circuit clerk. So this court, I assume, wanted to answer the question but, in fact, held that because the circuit clerk had no authority to impose the fee that was dispositive in that case and didn't reach whether or not this could, you know, this was mandatory or directory. I would point out that the state's assertion that it would be very unusual or bizarre to have a mandatory deadline, have a deadline run its course during an appeal simply isn't true. As I pointed out in the reply brief, the time limit for dismissing a post-conviction petition is as frivolous or patently without merit as mandatory and it's 90 days. And the appellate court has held that because it's mandatory, the appeal does not toll that 90-day limit.  So when the appellate court holds that the circuit court has erroneously dismissed the petition as frivolous or patently without merit, it doesn't send it back for another first-stage proceeding. It remands it for second-stage proceedings. So this would hardly be a unique situation. It happens all the time under the Post-Conviction Act. And as I said, that deadline under the Post-Conviction Act, as here, is mandatory. So it follows that the same thing should happen here. I would also just point out that if this court accepts the state's argument that there is this exception, if it accepts it that the way the state has phrased it, it's not going to work out the way the state claims that it's going to. You know, the state suggests that there's an exception and that only cases where the hearing has been held within the 90-day limit, only those cases will be remanded. The state says, you know, if it's late, they will not be remanded. But the state argues that the 90-day limit is directory. Therefore, there's no sanction for violating it. So there's no reason that it can't be remanded under the state's theory for being untimely, just as it could be remanded for not having notice or not listening to the defense evidence. So there's no principled way to say that you can only remand the cause if it's timely, but there's some other problem with it. So because the state argues that this time limit is directory and a late hearing can be remanded, I suppose we could see cases where maybe the order was entered 200 days too late, being remanded for, of all things, a timely hearing on the subject. So in conclusion, this court should hold that the 90-day limit is mandatory, not directory. It should recognize that Section 113-3.1a is clear and unambiguous and does not contain this implied exception that the state seeks. You know, doing so will provide the prosecutors and the state with an incentive to comply with the statute. And let's face it, this statute isn't difficult. The defendant just has to have notice that there's going to be a hearing and he has to have an opportunity to present evidence, and the court has to consider the evidence. It's just not difficult. So Mr. Summers requests that this court vacate the portion of the appellate court order that remands the cause for a new fee hearing and simply vacate the $200 fee that was imposed in this case. If there are no other questions, that concludes my presentation. Thank you, Mr. Andrews. Counsel for the appellee. May it please the court, counsel. Josh Schneider on behalf of the people of the state of Illinois. The state's position is not that there's an exception to Section 113-3.1a. The state's position is that that statute is silent on whether an appellate court has remand as one of the remedies for a timely but in some other way deficient hearing. In this case, there was a hearing. The hearing was in fact over a year before the entry of the final order disposing of the case at the trial level. So there's no question that there was a timely hearing. The question is, because that hearing was constitutionally inadequate, it didn't afford defendant an adequate opportunity to present evidence of its financial circumstances. Counsel, before you go much further, I want to make sure what we're not talking about, okay? In some context, this court has held statutory commands to judges to be directory when they implicate separation of powers issues. Now, I didn't see that raised. Are you conceding that there is no separation of powers issue with Section 113-3.1a? We don't see a separation of powers issue here. Okay, good. Rather, the question of whether the statute is mandatory or directory is really in a posit, because here the trial court did have the hearing, had a flawed hearing. So it satisfied the timing requirement. The question is, now what do we do to correct the due process error in the hearing? In all these other contexts, if there's a due process problem, an otherwise timely proceeding, the remedy is to remand for a remedial proceeding. If a trial court conducts a trial within the speedy trial period and that trial violates due process, the defendant couldn't argue that you can't remand for a new trial because the remedial trial and remand would fall outside of the speedy trial period. Once the timing requirement's been satisfied, it's no longer live and has no bearing on the appellate remedies. So the question is really, if you have a flawed but timely hearing, what's the remedy? Defendant's construction or interpretation of the statute is that this is an uncorrectable error. That if the trial court makes a mistake, let's say that the trial court has a hearing that is in all respects correct, but it fails to provide adequate notice. Defendant has a due process right to notice, so that's an error. Defendant's position apparently is that that can't be corrected. Despite the fact that the court within the 90-day period held the hearing, the court considered the affidavit that's required to consider by the statute that the defendant supplied in the first instance to get counsel appointed. The court considered the evidence that the defendant presented, and the court made a finding as to what an appropriate fee was, imposed that fee. But because the notice wasn't adequate, that fee has to be vacated and there's no remedy available. And that simply contrary to how the appellate process works in Illinois, there are really only two types of trial error that cannot be corrected on remand. And this error implicates neither of them. The first type of error that can't be corrected on remand is errors where the initial proceeding in the trial court was not improper in the manner in which it was conducted, but in the fact that it was conducted at all. So if a trial court conducts a trial outside of the speedy trial period, there's no way to remand for a new trial, a new timely trial. That ship has already sailed. If the initial trial violates double jeopardy, there's no way to remand for a new trial that does not also violate double jeopardy. If the trial court lacked jurisdiction in the original trial, there's no way to remand for another trial and somehow give the trial court jurisdiction if it lacked it in the first place. Actually, Gutierrez addressed this first type of error. In Gutierrez, there was no fee assessed within the statutory period. And this court said, well, if you didn't try to assess it within that period, then it's too late now. We can't remand it for a remedial hearing where there was no original timely hearing for us to remedy. This is not that case. This is the other class of cases. There are really two types of errors in these public fee, public defender fee cases. The first type of error this court corrected in Gutierrez where it said if there is no fee assessed, if no one seeks a fee within the period, then that's it. You don't remand for a first bite at the apple beyond the 90 days. The second type of case is the case that's presented here where you have a timely but deficient hearing. What's the remedy? And our position is it's the same remedy that's in all the other due process errors. If there's a denial of due process, then you remand to give the defendant the process he's due. The other reason that defendants' interpretation of the statute. You conceded. You heard Justice Carmier's question with respect to the words within. And I believe you conceded that if the statute was written to say within, but they instead chose the language not later than 90 days, right? So you do concede that they could have written the statute to say within 90 days. I understand your argument with respect to a hearing that was held within the 90 days and deficient. But accepting for purposes of the argument that we're just looking at the language and whether or not it's directory or permissive based on the language, you concede they could have said within, but instead they used the words not later than 90 days, correct? That is true. That is the language they used. And if we remand for a hearing in this case, it will take place more than two years after the final judgment, correct? That is correct. So is this, again, pushing aside your first argument, is this really what the legislature could have intended when it wrote that the hearing must take place no later than 90 days after final judgment? Yes, Your Honor. And the reason is that, well, there are two reasons. One is it's the legislature could not have intended that errors by the trial court make it in, prevent the imposition of a fee. The statutory and the legislative intent behind the statute is to, to the extent possible, recoup some of the cost of a publicly funded defense. So interpreting the timing requirement as precluding remand for a hearing defeats that purpose. The other reason that the And this would be in the case, just so we're clear, of when there was a fee petition, as you said occurred in this case, deficient because of improper notice within the 90 days, and also when there would have been no fee petition within the 90 days. Your answer would be the same? Right. And the reason, I mean, certainly the argument is stronger in the case where you had a hearing within the 90 days. In that case, as we've said, we don't believe the statute has any application. The same way the speedy trial statute doesn't have any application to what the appellate remedies are after a timely but improper trial. But as to the mandatory and directory question, negative language means more than the appearance of the word no or not or none. As this court explained in Andrews v. Foxworthy, which defendant cites, proper interpretation of a statute cannot simply be based on its language. It must be grounded on the nature, objects, and consequences which would result from construing it one way or the other. And as this court explained in DelVillar back in 2009, whether a statute is mandatory or in directory is a question of whether there is a specific consequence to failure to comply. So if it's directory, it's not that there's no consequence. It's that the legislature has not specified that the consequence be an invalidation of the government action. So in DelVillar, the court then went on to explain what negative language meant. And it said that in that case the question was whether a trial court's failure to admonish a defendant as to the immigration consequences of a guilty plea required that court to allow the defendant to withdraw the guilty plea. And this court held that it did not. And the reason was that there was no negative language in the statute requiring admonition. And when the court went on to say what that meant, the court said that, for an example, the statute did not prevent the court, the trial court, from accepting defendant's guilty plea. That would have been negative language. You must admonish him or you cannot accept a guilty plea. The court then gave another example where the court said that the legislature in that case had actually considered negative language. The language was that the court shall vacate the judgment and permit defendant to withdraw the plea of guilty. But because the General Assembly did not adopt that language, that negative language, there was no negative language prohibiting further action. Not too long ago I got a notice from the clerk's office saying that I needed to check in by 845 this morning. And if it said you shall check in by 845, I would know, oh, I need to check in by 845. If it said that you shall check in no later than 845, I would say, oh, I need to check in by 845. But neither of those constructions says what the specific consequence will be if I check in at 9. It's not that there's no consequence. Well, how does that square with the Robinson negative words rule? No later than 90 days. Doesn't that fall within Robinson? We would argue that under DelVillar's gloss, subsequent gloss to Robinson, no, it would not. They're synonymous constructions. And if the legislature wished to communicate that the appellate court had no remedy, if there was an error, it had ways to do that beyond taking within 90 days and no later than 90 days. As to whether there is any way that the defendant can sandbag effectively and prevent a fee from being assessed, there is. If the court, as in this case, assesses a fee after an inadequate hearing or with inadequate notice, because there is a safe harbor in the forfeiture rules created under People v. Love, the defendant need not say anything to preserve his claim on appeal. If he says nothing, or if he says something, then the court can easily remedy this. As counsel mentioned, this is not a complicated error to remedy. It just needs to be brought to the trial court's attention. If the defendant were to object and say, Your Honor, there is inadequate notice, the court would then provide him with adequate notice and remedy the error right there. If he says nothing and instead files a notice of appeal, then the error becomes uncorrectable. The trial court is divested of jurisdiction to address the issue, because although generally fee issues are collateral to the issues on appeal.  Mr. Andrews correctly points out that the burden is placed of setting the hearing on the trial court or the prosecution, right? Right. Well, what about this for sandbagging? That if the state doesn't set a hearing, right, within the 90 days. Or the court. Or the court. Then the defendant will either simply pay the fee, right? He can just simply pay the fee, even without the hearing. Or he can raise the issue in which case the hearing can still be held under your interpretation. Well, Your Honor. Let me just finish. So even if more than 90 days have passed, so is there any incentive for the state to call for a hearing under your interpretation at all? Well, Your Honor, Gutierrez already addressed the case where there was no hearing within 90 days. And Gutierrez clearly said you cannot remand for a hearing where there wasn't an assessment in the first place. In a case such as this, which is a second class of cases that Gutierrez didn't address, you had the hearing. The court on its own motion had a hearing, but it made a mistake. So the question is really whether a timely but improper hearing has any remedy other than just vacating the fee. And the game that allows the defendant to avoid the fee altogether is once he files a notice of appeal without having brought the error to the court's attention. And this would have to be if you've had a hearing within not only 90 days, but the first 30 days. For him to file a notice of appeal, he only has a 30-day window to do that. I hesitated even to mention the word sandbagging because I don't like the thought of either side sandbagging. But let's talk about the practical implications, and then I'll let you conclude. But both this court and the appellate court have been struggling for over a decade to get trial courts and prosecutors to comply with the statute and hold these hearings in a timely fashion. And apparently the message is still not getting through. So do you think giving the statute a directory reading, and, again, this is just practical, right? I know we have to look at the law on this, but do you think that giving the statute a directory reading is going to do anything to solve this problem? Your Honor, I think giving the statute a mandatory reading will do relatively little to solve this problem because the problem is not one of incentives. I don't think that anyone would argue that the trial court or the state's attorneys are making these errors out of malice or intent. The trial courts are doing their best, and they're making mistakes. That's certainly true. But making those mistakes uncorrectable is not going to prevent mistakes because they're not intentional. There have been more than decades of trial courts making mistakes in evidentiary rulings. And certainly one could argue that it would provide a powerful incentive to trial courts not to make evidentiary errors, ruling errors, if their only remedy on appeal was to dismiss the case and let the defendant go free regardless of the evidence against them. That would be a powerful incentive not to make mistakes in evidentiary rulings. But there would still be mistakes in evidentiary rulings because they're mistakes. By their nature, they're not deliberate. They're just errors, and that's when the appellate process can come into play and correct those errors. Incentives can really only affect change if they're affecting deliberate behavior. If it's an error, there's going to be errors. The trial courts are doing their best. And certainly clear guidance from this question probably I should ask to reply, but I think I want you to have a chance to comment on it. Counsel made much of the fact that it says no later than 90 days. And I would read this and see. I think it would be inconsistent to say within. The hearing shall be held at any time after the appointment of counsel but or and within 90 days of entry of the final order. Well, if it's to be held within 90 days of the final order, that sets a finite period of time beginning with the final order of 90 days. It can't be held at any other time, can it? No, Your Honor, that's actually correct, I think, as a matter of grammar. If the starting point is before the final order, then if you said any time after counsel and within 90 days or but within 90 days would actually change the starting point because it would have to be within 90 days to either side of the final order. So I think that's right. Again, our position is really that we're not arguing there's an exception to the statute. It's simply silent on the appellate remedies. And in the rest of Illinois jurisprudence, if there's a due process error, the remedy is to remand for the process that's due. Finally, if I could just, I'll finish up on the way that the defendant can avoid a fee altogether. If you have a timely but flawed assessment hearing, the defendant files his notice of appeal. This deprives the trial court of jurisdiction to remedy its error, because although generally fee issues are collateral to the judgment being appealed from, if you're appealing from the assessment of the fee, it's by definition not collateral to the issues being appealed from. In fact, in the case that defendant cites Libertyville v. Bank of Waukegan, the court explains that the fees are collateral because they lie outside of the issues on the appeal from underlying judgment. Here, it is the issue of the appeal from underlying judgment. And if the trial court has jurisdiction after an appeal from that issue, then both the trial court and the appellate court have jurisdiction. That's not right. So the trial court loses jurisdiction. Just by the standard briefing schedule on appeal, the appellate court will not return its mandate within 90 days. And so if the 90-day clock, even though it was initially satisfied by an erroneous hearing, somehow continues to run, then the error just becomes uncorrectable and becomes virtually unique among errors in Illinois jurisprudence. So if there are no further questions, Your Honor, the people ask that this Court affirm the holding of the lower court. Thank you. Thank you, Mr. Schneider. Mr. Andrews, any rebuttal? Yes, Your Honor. I would like you to deal with a question that I posed to counsel. How can within 90 days be consistent with at any time after the appointment of counsel? I think Mr. Schneider answered the question correctly, that it can't be read as saying within 90 days because it would change the starting date. It has to be read as it is, any time after the appointment of counsel, but no later than 90 days. There is no way to say it's within 90 days. I agree with that. So the legislature didn't have a choice of using within but not later than, which would mean what does that do to your argument that not later than has some specific meaning? Well, I think the point is that the legislature chose to use not later than but no later than because it gives the state more time. It gives it all the way from the appointment of counsel to no later than 90 days after the final order in the trial court. I mean that gives the state more time to conduct the hearing, but it does put a final limit on when the state can conduct the hearing. If they had said that the fee hearing had to be held within 90 days of the final order, it could only be held essentially after 90 days or if there was some way to predict when the final order was going to be entered, it could be held 90 days before. But, you know, the statute doesn't say that. It says but no later than, and those are the negative words. Did I? Best I could. I'm sorry. You know, the state referred to a gloss from DelVillar, and that's simply not true. That's a state straightforward application of Robinson. This court found that there were no negative words in the statute, you know, that you're supposed to tell somebody pleading guilty that there might be immigration consequences. This court simply found there are no negative words in that statute, therefore the presumption that it was directory was not overcome. Here there are negative words. There's not DelVillar didn't change the law at all. It's simply an opposite here because that statute did not contain negative words, unlike this statute. Counsel stressed that this is going to be unique, that every other time when there's a deficient hearing in the trial court, you can remand it to correct the hearing. And as I pointed out in my first argument, that's simply not true. You look at the PC statute, you know, the trial court has 90 days to dismiss it as frivolous or patently without merit. If the trial court, for example, considers input from the state during those 90 days, that's reversible error. But that's a procedural problem. The trial court shouldn't have conducted the hearing in that way, which is what, you know, what the state's talking about, a deficient hearing. But because the mandatory 90-day limit for declaring it frivolous or patently without merit is not told by the appeal, it is not remanded so that the trial court can have another hearing and get it right. So this isn't going to be unique. It's going to be like the post-conviction statute. And, you know, we all know how many post-conviction cases there are, so this is going to have a lot of company. You know, the state stressed that the errors committed here are not intentional. I'm not saying, you know, of course, I agree with that. They're not trying to deprive the defendant of these hearings. They're just being careless. You know, if this court makes the statute mandatory as it is, as it is written, you know, that's going to concentrate the minds of these prosecutors, and I think they're going to find out that this simple statute is really easy to comply with and you have this long period of time from the appointment of counsel to no later than 90 days after the imposition of the final order to comply with it. And all you have to do is give the defendant notice and a chance to present some evidence. I think that declaring the statute mandatory as it is written will have a salutary effect on the judicial system and will at least get rid of all of these remands. You know, we raise this issue all the time, and it's just not that fascinating. So in any event, if there are no questions, I would just ask the court to reverse. Thank you. Thank you, Mr. Andrews. Case number 114054, People v. Michael L. Summers, is taken under advisement as agenda number 10. Mr. Schneider, Mr. Andrews, thank you again for your arguments. You're excused.